DISTRICT COURT OF THE UNITED STATES
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:14-cv-39-RLV
(5:09-cr-25-RLV-4)

| | |
|---|---|
| KENNETH LEE TRAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), on the Government's Motion to Dismiss and Response to Petitioner's Motion to Vacate, (Doc. No. 7), and on the Government's Motion for Extension of Time to File Response/Reply, (Doc. No. 8). Petitioner moves this Court to vacate his conviction on the basis of the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Because Petitioner's motion is untimely and because Petitioner's claim is subject to dismissal on the merits, the Court will dismiss the motion to vacate.

**I.   BACKGROUND**

On November 16, 2010, Petitioner was indicted by the Grand Jury for the Western District of North Carolina and charged with conspiracy to possess with intent to distribute powder and crack cocaine, methamphetamine, and marijuana, in violation of 21 U.S.C. §§ 841 and 846; and four substantive drug-trafficking offenses and aiding and abetting the same, in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. (Criminal Case No. 5:09-cr-25-RLV-4, Doc. No. 153: Fourth Superseding Indictment). Before the return of the fourth superseding

1

indictment, the Government filed an Information in accordance with 21 U.S.C. § 851, notifying Petitioner that the Government intended to seek enhanced penalties based on his four, prior drug-trafficking convictions. (Id., Doc. No. 126: 851 Information). Petitioner ultimately entered into a plea agreement with the Government, in which he agreed to plead guilty to the conspiracy offense, in exchange for the dismissal of the other counts against him. (Id., Doc. No. 168 at 1: Plea Agreement). As part of the plea agreement, the Government also agreed to withdraw its § 851 Information, noting that, based on that Information, Petitioner could have been facing mandatory life in prison. (Id. at 2). The parties agreed in the plea agreement to various drug quantities for which Petitioner was responsible, and they agreed that Petitioner's base offense level should be a level 34. (Id. at 2-3).

Before Petitioner's sentencing hearing, on September 7, 2012, the probation office submitted a Presentence Report ("PSR"), in which the probation officer calculated a total offense level of 34. (Id., Doc. No. 244 at 12: PSR). Based on a total offense level of 34 and a criminal history category of IV, the probation officer calculated an advisory Sentencing Guidelines range of imprisonment of between 210 and 262 months. (Id. at 20). This Court ultimately sentenced Petitioner to a low-end sentence of 210 months in prison, entering its judgment on September 20, 2012. (Id., Doc. No. 249: Judgment). Petitioner did not appeal.

Petitioner placed the instant motion to vacate in the prison mailing system on March 27, 2014, and the motion to vacate was stamp-filed in this Court on March 31, 2014. In the motion, Petitioner contends that his sentence was improperly enhanced in violation of Simmons. On October 27, 2014, this Court entered an order requiring the Government to respond. The Government moved to dismiss Petitioner's motion to vacate on January 30, 2015. In an order

2

dated February 12, 2015, this Court granted Petitioner fourteen days in which to respond to the motion to dismiss. Petitioner did not respond to the motion to dismiss.

## II.     STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III.     DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been

discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)(4).

Here, Petitioner's conviction became final for purposes of § 2255(f) when his time for filing a notice of appeal expired fourteen days after this Court entered judgment on September 20, 2012. See FED. R. APP. P. 4. Petitioner's motion, filed more than one and a half years later, is untimely under the one-year statute of limitations. Furthermore, none of the other subsections under § 2255(f) applies to render the petition timely. The Court further finds that Petitioner is not entitled to equitable tolling. In sum, Petitioner's motion to vacate is time-barred.

The Court further observes that, even if the petition were timely, Petitioner is not eligible for the relief he seeks. As the Government notes, Petitioner was sentenced after the Fourth Circuit decided Simmons, and his sentence was not enhanced based on any prior convictions, much less prior convictions that did not constitute felony offenses under Simmons. Accordingly, even if timely, Petitioner's motion would still be due to be dismissed on the merits.

**IV. CONCLUSION**

For the foregoing reasons, the Court dismisses Petitioner's § 2255 petition as untimely. To this extent, the Government's motion to dismiss is granted.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as untimely.

2. The Government's Motion to Dismiss, (Doc. No. 7), is **GRANTED**.

3. The Government's Motion for Extension of Time to File Response/Reply, (Doc. No. 8), is **GRANTED** nunc pro tunc.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell,

537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: May 27, 2015

Richard L. Voorhees
United States District Judge